
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

NOV 06 2009

TONY R. M—, CLERK
BY ——— DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| RICHARD SULLIVAN, JR. | CIVIL ACTION NO: 09-0579 |
| VERSUS | JUDGE DONALD E. WALTER |
| CHESAPEAKE LOUISIANA, L.P. | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM RULING

Before the Court is a Motion to Remand to State Court for Lack of Jurisdiction filed by Plaintiff, Richard Sullivan, Jr. [Doc. #20]. Defendant, Chesapeake Louisiana, L.P., opposes this motion. [Doc. #24]. For the reasons assigned herein, Plaintiff's motion is hereby **GRANTED**.

Plaintiff filed suit in the First Judicial District Court, Caddo Parish, Louisiana, on March 13, 2009. Plaintiff's suit seeks both damages under the Louisiana Blue Sky law as well as declaratory relief to cancel the mineral lease at issue. [Doc. #1, Ex. 1]. Defendant filed a Notice of Removal on April 6, 2009. [Doc. #1].

Plaintiff moves to remand the case, arguing that this Court lacks subject matter jurisdiction because the amount in controversy is less than $75,000. [Doc. #20]. Plaintiff seeks to rescind the mineral lease under two theories: (1) the bonus payment in the amount of $5,908.00 was untimely paid, and (2) Defendant failed to provide Plaintiff certain information in violation of Louisiana's Blue Sky law, codified at La. R.S. 51: 701 *et seq.* [Doc. #1]. Plaintiff leased the mineral rights to his 16.880 acres for a lease bonus of $350 per acre, plus 1/4 royalty on future production. [Doc. #1]. Plaintiff asserts that the true market value of the lease bonus was $700 to $900, or for a total of $15,192.00. [Doc. #20]. Plaintiff argues that $15,192.00 is "woefully short of the amount in controversy sufficient for federal jurisdiction." *Id.*

Defendant counters that the amount in controversy easily exceeds $75,000 because the lease in question allowed for the exploration and development of oil and gas. [Doc. #24]. Specifically, Defendant argues that the total value of the lease incorporates the total amount of rights conveyed, including the value of the recoverable minerals from the property during the duration of the lease. *Id.*

Federal Courts have limited subject matter jurisdiction and must be authorized by law to hear a certain suit. In diversity cases, jurisdiction is limited to actions where the amount in controversy exceeds $75,000, and the suit is between parties of different states. *See* 28 U.S.C. 1332(a)(1). The party removing the case to Federal Court bears the burden of showing that jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Ambiguities are construed against removal. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The Court must first examine the Complaint to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount. *See St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250 (5th Cir. 1998). When the amount is not "facially apparent" the Court may rely on "summary judgment-type" evidence to ascertain the amount in controversy. *Id.* When a party is seeking declaratory relief, such as in this case, the amount in controversy "is not measured by the mere amount of the potential monetary judgment, but by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising*, 432 U.S. 333, 347 (1977).

At issue is whether the value of the lease is merely the right of possession, or whether it also includes the value of minerals which remain undisturbed on the property. Federal Courts have taken into account the value of undisturbed minerals in determining the value of a mineral lease, and thus, the jurisdictional amount. *See Northup Properties, Inc., v. Chesapeake Appalachia, LLC*, 567 F.3d

767 (6th Cir. 2009); *Ladner v. Tauren Exploration, Inc.*, 2009 WL 196021 (W.D. La. 2009). The Court agrees with Defendant that the jurisdictional amount in this case includes the value of the undisturbed minerals. However, the value of the minerals which may or may not exist under the acreage in question is not "facially apparent" to the Court.

The Court could look to summary judgment-type evidence to determine the amount in controversy if such evidence had been submitted. In both *Northup Properties* and *Ladner*, the Court relied on affidavits provided by the removing party to determine the jurisdictional amount. For example, in *Ladner* the Court relied on the affidavits of two petroleum engineers who determined the value of the natural gas capable of being produced from the acreage at issue. *Ladner* at *2. In this case, Defendant did not provide affidavits or similar summary judgment-type evidence for the Court to rely upon to determine the amount in controversy. *See St. Paul*, 134 F.3d 1250.

Defendant provides two exhibits for the Court to consider. The exhibits consist of press releases found on the websites of Petrohawk Energy Corp. and Exco Resources, Inc., which reference wells drilled in connection with the Haynesville Shale play as well as production rates. [Doc. #24, Exs. 1 and 2]. Unauthenticated press releases by themselves are similar to newspaper articles, and are considered inadmissible hearsay. *See Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005). Thus, the two exhibits in question cannot be relied upon by the Court to establish an estimated value of the undisturbed minerals for the lease in question.

Defendant concedes that it cannot be certain of the potential reserves located underneath the leased acreage. [Doc. #24 at 4]. Defendant cites *Savoy v. Tidewater Oil Co.*, 218 F.Supp. 607 (D.C. La. 1963), arguing that the jurisdictional amount may be satisfied even though there is no evidence of the value. *Tidewater* is distinguishable because in that case there was a history of royalty

3

payments, which combined with the amount of damages claimed clearly established an amount that exceeded the jurisdictional requirement. There is no such evidence in this case.

While the Court agrees with Defendant that the value of the lease includes the undisturbed minerals, the quantum is not facially apparent to the Court and no summary judgment-type evidence is available for the Court to consider.

Accordingly, the Court finds that Defendant has not met the burden of showing that jurisdiction exists. *See De Aguilar,* 47 F.3d at 1408. Plaintiff's Motion to Remand [Doc. #20] is hereby **GRANTED**.

**THUS DONE AND SIGNED**, this 5th day of November, 2009.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE